AF Approval ___JH___                     Chief Approval ___CAB___

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                        CASE NO. 6:25-cr-00201-WWB-LHP

MICHAEL STEPHEN WILCOX
a/k/a "SnakeWhip WhipMike"
a/k/a "snakewhipmike"

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Gregory W. Kehoe, United States Attorney for the Middle District of Florida,

and the defendant, MICHAEL STEPHEN WILCOX a/k/a "SnakeWhip

WhipMike" a/k/a "snakewhipmike," and the attorney for the defendant,

Bryant A. Scriven, Esq., mutually agree as follows:

**A.    Particularized Terms**

1.    Count Pleading To

The defendant shall enter a plea of guilty to Count One of the

Superseding Information.  Count One charges the defendant with

transmission of interstate threats to injure, in violation of 18 U.S.C. § 875(c).

2.    Maximum Penalties

Count One carries a maximum sentence of 5 years'

imprisonment, a fine of $250,000, a term of supervised release of not more

Defendant's Initials _MW_

than 3 years, and a special assessment of $100 per felony count for individuals. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense, or to the community, as set forth below.

3.     Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count One are:

First:     the Defendant knowingly sent a message in interstate or foreign commerce containing a true threat to injure the person of another; and

Second:     the Defendant sent the message with the intent to communicate a true threat or with recklessness as to whether it would be viewed as a true threat.

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured.

4.     Indictment Waiver

Defendant will waive the right to be charged by way of superseding indictment before a federal grand jury.

Defendant's Initials _M W_                    2

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. Mandatory Restitution to Victim of Offense of Conviction

Pursuant to 18 U.S.C. § 3663A(a) and (b), defendant agrees to make full restitution to Goblin Market.

7. Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea

Defendant's Initials _MW_                    3

Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.   Sentence Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced to a term of imprisonment of 8 months. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

9.   Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to

Defendant's Initials _MW_                    4

forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property

Defendant's Initials _MW_                          5

to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant's Initials _M W_                6

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution

Defendant's Initials _MW_                    7

to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the

Defendant's Initials _M W_                8

conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4. Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5. Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United

Defendant's Initials _M W_                              9

States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

Defendant's Initials _MW_                    10

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly

Defendant's Initials _M W_                    11

waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.     Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials _MW_                12

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the

Defendant's Initials _M w_               13

attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.    Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.    Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea

Defendant's Initials _M W_                    14

and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

13.   Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___1st___ day of ~~March~~ Apr.l, 2026

GREGORY W. KEHOE
United States Attorney

_____
Michael Stephen Wilcox
Defendant

_____
Kara M. Wick
Assistant United States Attorney

_____
Bryant Ashley Scriven
Attorney for Defendant

_____ for Chauncey Bratt
Chauncey A. Bratt
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _MW_                    15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

                                   CASE NO. 6:25-cr-00201-WWB-LHP

v.

MICHAEL STEPHEN WILCOX,
a/k/a "SnakeWhip WhipMike,"
a/k/a "snakewhipmike"

## PERSONALIZATION OF ELEMENTS

First:       Did you knowingly send a message in interstate or foreign commerce containing a true threat to injure the person of another? and

Second:    Did you send the message with the intent to communicate a true threat or with recklessness as to whether it would be viewed as a true threat?

A "true threat" is a serious threat – not idle talk, a careless remark, or something said jokingly – that is made under circumstances that would place a reasonable person in fear of being injured.

Defendant's Initials _M W_             16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

CASE NO. 6:25-cr-00201-WWB-LHP

v.

MICHAEL STEPHEN WILCOX,
a/k/a "SnakeWhip WhipMike,"
a/k/a "snakewhipmike"

## FACTUAL BASIS

On or about May 31, 2025, in the Middle District of Florida, the defendant, MICHAEL STEPHEN WILCOX, a/k/a "SnakeWhip WhipMike," a/k/a "snakewhipmike" knowingly transmitted, in interstate commerce, a communication containing a threat to injure and kill another person, that is, an online post targeting a planned LGBTQ+ pride event that showed the image of a gun being loaded with bullets and that included the statement, "CAN'T EXPECT GOD TO DO ALL THE WORK" (the "Threat"), with the intent to communicate a true threat of violence and with recklessness as to whether the communication would be viewed as a true threat of violence.

On or about May 31, 2025, Facebook user with display name "SnakeWhip WhipMike" (later determined to be WILCOX) posted the Threat on Facebook. A screenshot of the Threat posted on Facebook is shown below:

Defendant's Initials _mw_                    17



Also, on or about May 31, 2025, Instagram user with display name "SnakeWhip WhipMike" (later identified to be WILCOX) posted the same Threat on Instagram. A screenshot of the Threat posted on Instagram is shown below:

Defendant's Initials _MW_          18



The Threat was transmitted from Florida to servers outside the state of Florida, thus traveling in interstate commerce.

The Threat appeared in the comments on the "Goblin Market" Facebook and Instagram accounts (the "Goblin Market Accounts"), which are accounts associated with Goblin Market, a discount art market located in Orlando, Florida, that was promoting events in the LGBTQ+ community.

Defendant's Initials _MW_                    19

Specifically, the Goblin Market Accounts were promoting the Goblin Market Pride Event (the "Pride Event") scheduled for June 14, 2025, at the Central Florida Fairgrounds in Orlando, Florida.[1] The Pride Event was advertised as Orlando's biggest, free gay pride fest encompassing an array of LGBTQ+ related activities and events. FBI investigation has shown that, in addition to the above-shown Threat, WILCOX has made several other anti-LGBTQ+ posts on various social media platforms.

On June 13, 2025, the FBI Tampa Division – Orlando Resident Agency first became aware of the Threat after the FBI's National Threat Operations Center (NTOC) received a tip about the Threat. FBI agents in Orlando immediately began coordinating with the Orlando Police Department ("OPD"),[2] researching open-source information to identify the user, and seeking legal process. Open-source investigation on "SnakeWhip WhipMike" showed an associated email account belonging to "Michael Stephen Wilcox." The "SnakeWhip WhipMike" Instagram account also included photographs of WILCOX.

---

[1] The date of the Pride Event corresponded with the 6-year memorial weekend of the Pulse nightclub mass shooting that occurred on June 12, 2016 in Orlando, during which 49 people were shot and killed at an LGBTQ+ nightclub.

[2] OPD indicated that it had received notice of the above-described post a few days prior to FBI and immediately began coordinating with the Pride Event venue and organizers to provide additional security at the Pride Event.

Defendant's Initials _MW_                    20

The OPD officer assigned to the venue of the Pride Event stated that she and the venue administrators considered the Threat to be a real threat of violence and planned on taking extra safety precautions because of the Threat. Additionally, as shown above, other individuals considered the Threat to be a true threat of violence, as illustrated by their comments ("with goblin market this weekend, I did just want to give people a heads up that people on facebook have been making threats towards the event").

On June 13, 2025, WILCOX was arrested on a criminal complaint in the case captioned *United States v. Michael Stephen Wilcox*, Case No. 5:25-mj-1118-PRL, for violation of 18 U.S.C. § 875(c) based on the Threat described above. Following his arrest, WILCOX waived his Miranda warnings and agreed to speak with law enforcement. WILCOX admitted that the Facebook and Instagram accounts on which the Threat was posted belonged to him. WILCOX gave the FBI consent to search his cellular device and provided the password for the device.

WILCOX admitted to using the screen name "snakewhipmike" to communicate on Instagram, Youtube, and Tiktok. He also admitted to using the screen name "snakewhip whipmike" to communicate on Facebook. According to WILCOX, he searches pages, posts, and/or platforms to post

Defendant's Initials _M W_                21

derogatory memes about the LGBTQ+ community. WILCOX later stated that he makes such posts only on his cellular telephone.

WILCOX was shown the Threat at issue and admitted to making it. WILCOX stated that he did not plan to commit a crime or hurt any individuals. He also stated that he was not aware of any events in Orlando and did not have any plans to travel to Orlando. According to WILCOX, he was unaware that what he believed to be "memes" would be illegal to post.

The above is merely a summary of some of the events, some of the persons involved, and other information relating to this case. It does not include, nor is it intended to include, all the events, persons involved, or other information relating to this case.

Defendant's Initials _M W_                    22